UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE ZIELINSKI,

       Petitioner,

                              Case No. 1:03-cv-271

v.

                              HON. DAVID W. McKEAGUE*

SALLY LANGLEY,

       Respondent.

_____/

**OPINION APPROVING REPORT AND RECOMMENDATION**

On April 22, 2003, petitioner Bruce Zielinski filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 15, 2004, the United States Magistrate Judge issued a 19-page report and recommendation, recommending that the petition be denied. In accordance with 28 U.S.C. § 636(b)(1), this Court has reviewed the portions of the report and recommendation to which petitioner has objected. For the following reasons, the Court will overrule petitioner's objections and approve the report and recommendation.

On August 6, 1999, petitioner Zielinski pleaded guilty to the charge of assault with intent to rob while armed, and was sentenced on September 17, 1999 to serve a term of seven to twenty years. The Michigan Court of Appeals denied petitioner's application for leave to appeal on September 12, 2000 for lack of merit and on February 6, 2001, the Michigan Supreme Court denied his *pro se* application for leave to appeal. Petitioner's motion for relief from judgment was denied on October 23, 2001, on the basis that he alleged grounds for relief that could have been raised on appeal from

_____

        * Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

the conviction and sentence. *See* M.C.R. 6.508(D)(3). The Michigan Court of Appeals denied petitioner's appeal for lack of merit and on January 21, 2003, the Michigan Supreme Court denied leave on the basis that petitioner failed to establish entitlement to relief.

The petition for writ of habeas corpus, filed April 22, 2003, raises four essential issues: 1) the prosecution did not disclose evidence that the crime was an "attempt" crime and not an "intent" crime as charged; 2) denial of effective assistance of counsel; 3) denial of effective assistance of appellate counsel; and 4) denial of timely appeal. Petitioner also contends the sentence imposed constitutes cruel and unusual punishment. The magistrate judge recommends the petition be denied, finding petitioner's claims to be without merit.

**I**

Petitioner's objections merely restate previously raised arguments which are, for the most part, adequately addressed in the report and recommendation. Petitioner insists his claims should be addressed as if he had proceeded to trial and not pleaded guilty. By pleading guilty, however, petitioner waived rights that would have been afforded him had he proceeded to trial. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner has never claimed that his plea was involuntarily or unintelligently entered. The plea colloquy clearly establishes that petitioner understood the charge, the maximum possible sentence, and the consequences of a guilty plea.

## II

Petitioner maintains the prosecution charged him with the wrong crime. Petitioner contends his voluntary abandonment of the crime, coupled with the victim's lack of fear, demonstrates that he committed only an armed robbery and not an assault with intent to rob while armed. A person is guilty of the latter if he was armed with a dangerous weapon and assaulted another with the intent to rob and steal. M.C.L. § 750.89. Fear is not an element of the charge. *People v. Williams*, 57 Mich. App. 612, 617 (1975). Petitioner made the following statement under oath:

> I asked for the money, she said we don't have any. And then I withdrew a knife from my pocket, grabbed her shirt and said give me the money, she said we don't have any. And at that point, I up and left and walked away from the scene.

(Plea Tr. p. 11.) Whether the circumstances also satisfied the elements of attempted armed robbery is irrelevant; the plea colloquy clearly establishes the requisite elements for assault with intent to rob while armed. Petitioner has no constitutional right to determine, based upon his own recollection and understanding of the circumstances, what charge best fits the crime.

## III

Petitioner's ineffective assistance of counsel claim is based on counsel's failure to inform him of the existence of the lesser included offense of attempted armed robbery. To establish ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where defendant pleaded guilty, to establish prejudice, he must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

The plea colloquy clearly establishes that petitioner's guilty plea was knowing and voluntary. Petitioner testified under oath that he understood the charges against him and the direct consequences of entering a guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). The existence of a lesser included offense, that was not offered as part of the plea agreement, is irrelevant because petitioner knowingly and voluntarily pleaded guilty to the charge against him. Petitioner insists he had a constitutional right to be informed of *all* possible defenses and lesser included offenses in order for his plea to be voluntary. As the magistrate judge determined, this argument is not supported by Supreme Court precedent. Petitioner's objections fail to cure this defect.

Petitioner contends that defense counsel's assurance, "don't worry, this is a lower-end guideline judge," constituted a false promise of leniency. Allowing petitioner to assert, post-sentencing, his subjective understanding that defense counsel's opinion about the likely sentence constituted a promise of leniency would "render the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different than that outlined in the record could withdraw his plea." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). The plea colloquy clearly establishes the absence of any promises. The magistrate judge properly determined that no reasonable person would have understood counsel's statement to mean anything other than an assessment of the case.

## IV

Petitioner contends that appellate counsel failed to honor his request to file a motion to vacate his plea. The report and recommendation contains no reference to this claim because petitioner failed to raise it in his original petition. In response to the report and recommendation, petitioner can file "objections which shall specifically identify the portions of the proposed findings…to which objections are made." LCivR 72.3(b). Petitioner cannot raise new claims in the objections.

Although counsel's alleged failure to file a motion to vacate petitioner's plea was not addressed by the magistrate judge, petitioner's allegations that counsel failed to file a motion for an evidentiary hearing or address other issues raised by petitioner were addressed and found to be without merit. The magistrate judge determined that appellate counsel's decision to address certain issues and not others did not rise to the level of ineffective assistance of counsel. An "indigent defendant [does not] have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Petitioner maintains that it should ultimately have been his and not appellate counsel's decision to determine what issues to raise on appeal. Petitioner is wrong. "Promulgating a *per se* rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed…seriously undermines the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id.* at 751. Appellate counsel advised petitioner, through written correspondence, that the available issues would be limited by petitioner's guilty plea. Counsel's decision to winnow out weaker arguments and focus on a few key issues was within his discretion. *See id.* at 751-52.

## V

Petitioner reiterates the claim that his current sentence of seven to twenty years constitutes cruel and unusual punishment. He contends the lesser included offense of attempted robbery would have resulted in a lesser sentence. The magistrate judge correctly determined the claim to be without merit. "A sentence that falls within the maximum penalty authorized by statute generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Furthermore, because petitioner was not sentenced to death or life in prison without the possibility of parole, a "proportionality analysis" of the crime and its punishment by federal courts is not warranted. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner's sentence of seven to twenty years falls within the statutory guidelines and does not rise to the level of cruel and unusual punishment under the Eighth Amendment.

The report and recommendation will therefore be approved over objection and the petition for writ of habeas corpus will be denied. A judgment order consistent with this memorandum opinion shall issue forthwith.


Dated: June 16, 2005                             /s/    David W. McKeague   
                                                HON. DAVID W. McKEAGUE  
                                                UNITED STATES CIRCUIT JUDGE